UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 7 PROCEEDING |
| NEDRA L. BREWSTER, ) | |
| ) | |
| DEBTOR. ) | CASE NO. 18-29724 |
| ) | |
| ) | |
| PATRICK S. LAYNG, ) | ADVERSARY NO. |
| UNITED STATES TRUSTEE, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | HON. JACK B. SCHMETTERER |
| vs. ) | |
| ) | |
| NEDRA L. BREWSTER., ) | |
| ) | |
| DEFENDANT ) | |

**COMPLAINT FOR REVOCATION OF DISCHARGE**

Patrick S. Layng, the United States Trustee for Region 11 (Plaintiff), by and through his attorney, M. Gretchen Silver, requests that the Court enter judgment revoking the discharge of Nedra L. Brewster (Defendant) pursuant to Sections 727(d)(1) of the Bankruptcy Code. The United States Trustee respectfully states:

**JURISDICTION AND VENUE**

1. Plaintiff is the duly appointed United States Trustee for the Northern District of Illinois and is charged with supervising the administration of bankruptcy cases pursuant to Section 586 of Title 28.

2. Plaintiff's principal place of business is within the Northern District of Illinois. Pursuant to Sections 307 and 727(d) of the Bankruptcy Code, Plaintiff has standing to bring this Complaint.

1

3.      Defendant is the debtor in the underlying bankruptcy case.

4.      Defendant's address of record is 2515 W. Flournoy St., Chicago, IL 60612.

5.      This Court has jurisdiction to hear and determine this adversary proceeding pursuant to Section 157 of Title 28, IOP 15(a), and LR 40.3.1 of the United States District Court for the Northern District of Illinois.

6.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

7.      Plaintiff consents to entry of a final order or judgment by the Court in this adversary proceeding.

8.      Defendant has consented to the relief requested in this Complaint and has executed a Waiver of Discharge (see Exhibit A).

## BACKGROUND

### I. The Bankruptcy Case and 341 First Meeting of Creditors

9.      On October 23, 2018 (the Petition Date), Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code along with Schedules A/B, C, D, E/F, G, H, I, and J (collectively the Schedules) and a Statement of Financial Affairs (the SOFA). Copies of the Petition, Schedules, and SOFA are attached as Exhibit B.

10.      Defendant was represented by Elise Harmening of The Semrad Law Firm, LLC in her bankruptcy case.

11.      Defendant signed the Petition, Schedules, and SOFA under penalty of perjury. Specifically, Defendant declared under penalty of perjury that she read the Schedules and SOFA, and that they are true and correct. Exhibit B.

12.     On her Schedule A/B, question 33, "Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment" the Defendant disclosed that she had a workers' compensation claim with a value of $5,500.

13.     On November 19, 2018, Defendant appeared for a Section 341 Meeting of Creditors (the 341 Meeting).

14.     After Chapter 7 Trustee Steven Radtke (the Trustee) administered the oath, Defendant testified under penalty of perjury that she (a) reviewed all of the bankruptcy paperwork with her attorney before it was filed with the Court and (b) her answers on the bankruptcy paperwork are true and correct.

15.     At the 341 Meeting, the Trustee asked: "Are you suing anybody right now?" Defendant responded "No."

16.     At the 341 Meeting, the Trustee asked: "have you been injured or damaged in any way that would give you the right to sue somebody even if you have not filed a case?" Defendant responded "No."

17.     On her SOFA, question 9, "Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?" the Defendant listed one lawsuit, Creditbox.com LLC v. Nedra Brewster, case number 2018-M1-121602.

18.     On November 20, 2018, the Trustee filed his Report of No Distribution.

19.     On January 22, 2019, the Defendant received her Discharge.

20.     Defendant failed to disclose her pending lawsuit at the 341 Meeting. Specifically, when questioned by the Trustee regarding whether she was suing anybody, the Defendant falsely testified that she was not.

## II. Lawsuit

21. Upon information and belief, Defendant concealed her lawsuit with the intent to hinder, delay, or defraud her creditors, and knowingly made false oaths to the Trustee at the 341 Meeting and on her sworn Schedules. Alternatively, Defendant acted with reckless disregard for the truth by misrepresenting her pending lawsuit to the Trustee at her 341 meeting, as well as in her Schedule B and SOFA, which she signed under oath.

22. On July 30, 2018, the Defendant filed a lawsuit in the Cook County Circuit Court under case number 2018 L 008119 ("Case No. 18-8119").

23. Case No. 18-8119 was filed less than three months before the Defendant's bankruptcy case.

24. Defendant appeared for a Section 341 Meeting on November 19, 2018, nearly 4 months after the Defendant filed Case No. 18-8119 and testified under oath that she was not currently suing anybody and had no right to sue anybody.

25. From the Petition Date to the filing of the Complaint, Defendant did not amend her sworn Schedules to reflect her lawsuit.

## III. Reopening of Defendant's Bankruptcy Case

26. On or about October 30, 2019, Plaintiff received information regarding the nondisclosure of the Defendant's lawsuit.

27. After reviewing the audio recording of the November 19, 2018 341 Meeting, Plaintiff learned that Defendant failed to disclose that she was suing somebody at the time she filed her bankruptcy case.

28. On November 7, 2019, Defendant's bankruptcy case was reopened

29. This Complaint to revoke Defendant's discharge is timely under Section 727(e) of the Bankruptcy Code. The deadline to file the complaint to revoke Defendant's discharge is January 22, 2020.

30. During his post-discharge review of Defendant's bankruptcy case, Plaintiff learned that Defendant's sworn representations in her Schedules and at the 341 Meeting were materially inaccurate in multiple respects. Specifically, Defendant falsely testified at the November 19, 2018 341 Meeting that she was not suing anybody and had no right to sue anybody.

31. Defendant's concealment of her pending lawsuit from both creditors and the Trustee and her false oaths in her Schedules and SOFA and at the 341 Meeting indicate that she obtained her discharge through fraud.

32. Plaintiff had no knowledge of Defendant's concealment of assets and false oaths until after the entry of Defendant's discharge on January 22, 2019.

## COUNT I – FALSE OATHS (SCHEDULES AND SOFA, 341 MEETING) UNDER SECTION 727(d)(1)

33. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 30.

34. Defendant, through her false testimony at the 341 Meeting, and her material omissions of her lawsuit on her Schedule A/B and SOFA, knowingly and fraudulently made false oaths in connection with his bankruptcy case.

35. Had Defendant's false oaths concerning her lawsuit been known prior to the entry of the discharge, the discharge could have been prevented under 11 U.S.C. § 727(a)(4)(A).

36. Plaintiff did not know of Defendant's false oaths concerning her lawsuit until after the entry of the discharge.

5

WHEREFORE, Plaintiff respectfully asks the Court to enter an order:

(a) finding Defendant knowingly and fraudulently made false oaths in connection with this bankruptcy case;

(b) revoking Defendant's discharge pursuant to 11 U.S.C. § 727(d)(1); and

(c) granting such other and further relief as the Court deems just.

                                       RESPECTFULLY SUBMITTED:

                                       PATRICK S. LAYNG
                                       UNITED STATES TRUSTEE

DATED: December 30, 2019                By: */s/ M. Gretchen Silver*
                                                 M. Gretchen Silver, Attorney
                                                 OFFICE OF THE U.S. TRUSTEE
                                                 219 S. Dearborn, Room 873
                                                 Chicago, Illinois 60604
                                                 (312) 353-5054